# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>BETTY ODESSA DOVER, )<br>)<br>Defendant. ) | 1:22-CR-177-2 |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Modify Sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A). (ECF No. 221.) The Government has filed a Response opposing the motion. (ECF No. 223). The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction. Accordingly, Defendant's Motion to Modify Sentence, (ECF No. 221), will be denied.

### I. BACKGROUND

On September 15, 2022, Defendant pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 841(b)(1)(C). She faced a sentencing guideline range of 168 to 210 months' imprisonment, (ECF No. 162,

¶ 115), and on March 31, 2023, was sentenced to 168 months' imprisonment. (ECF No. 194 at 2.) Defendant is currently 51 years old with a projected release date of May 21, 2033.[1]

## II. ARGUMENTS OF THE PARTIES

In her motion, Defendant seeks a reduction in sentence asserting she has been diagnosed with colon cancer. Defendant argues her cancer diagnosis "and subsequent treatment regimen and its side effects should alone, but especially when combined with the unprecedented public health crisis posed by the Covid-19 pandemic, provide extraordinary and compelling reasons to modify her sentence to permit her immediate release." (ECF No. 221 at 3.) Defendant further contends that "the age of her minor child (under ten years old) provides an extraordinary and compelling reason to modify her sentence and allow her whatever previous time she may have with her son." (*Id.* at 4.) She asserts "[t]he immeasurable benefits of being surrounded by her qualified support system during treatment and the ability of them to assist in the care required during the rigors of that treatment, provide extraordinary and compelling reasons to modify her sentence to permit Ms. Dover immediate release." (*Id.*)

The Government opposes the motion. The Government contends Defendant's condition is being appropriately managed in BOP custody and Defendant has failed to show a medical condition that substantially diminishes her ability to provide self-care. (ECF No. 223 at 1, 14.) The Government notes that while the medical records indicate Defendant's condition is likely cancer, a definitive diagnosis will only be made after surgery, and

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ last visited Mar. 31, 2025) (enter "11143-058" in BOP Register Number field).

2

Case 1:22-cr-00177-LCB    Document 226    Filed 05/09/25    Page 2 of 10

Defendant's assertions about her diagnosis and ability to care for herself are "prospective concerns" and speculative in nature. (*Id.* at 13.) The Government asserts there is minimal risk of Covid at her facility and any risk is mitigated because she has received the Covid vaccine. (*Id.* at 14.) Insofar as Defendant relies on the fact she has a minor son, the Government asserts she has failed to show a change in circumstances with his caregiver. (*Id.* at 17-18.) The Government also argues a consideration of the factors under § 3553(a) weighs against a reduction in sentence. (*Id.* at 18-20.)

## III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a request for compassionate release with the warden of her federal institution in November of 2024, which was denied, and the Government does not contest that Defendant has exhausted administrative

3

remedies. (ECF No. 223 at 9 n.7.) Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021).

While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The Sentencing Commission policy statement advises a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances-
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

4

Case 1:22-cr-00177-LCB    Document 226    Filed 05/09/25    Page 4 of 10

> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1) (A)-(D).

Defendant relies upon her colon cancer diagnosis and the potential difficulty she will face caring for herself while she undergoes treatment while incarcerated. However, while there is a "high likelihood of malignancy" of the polyp found in her colon, (ECF No. 224 at 1), the most recent medical records available to the Court show the polyp was "not confirmed to be adenocarcinoma" and "[p]atient understands the diagnosis and that colon cancer has not been confirmed." (*Id.*) Another record similarly indicates that while the findings are consistent with cancer, it is a provisional diagnosis and "not definitive." (*Id.* at 5.)

Without a definitive diagnosis there is no information about Defendant's prognosis or the nature of any future treatment. As the Government contends, many of Defendant's arguments are speculative. Her motion is often phrased in terms of possible, but not actual circumstances. For example she refers to the "potential impacts on her ability to provide self-care in the prison environment . . . . " (ECF No 221 at 10.) She also argues "Ms. Dover's health and ability to care for herself is likely to be substantially diminished" if her motion is not granted. (ECF No. 221 at 11.) Defendant may require treatment such as chemotherapy if cancer is confirmed, but that has not been shown. According to

Defendant's statements documented in a medical record, one doctor told her he "'was hopeful that she will not have to do chemo and radiation after surgery.'" (*Id.* at 33.)

Moreover, even if cancer is confirmed and Defendant requires ongoing treatment, that alone does not establish an extraordinary and compelling circumstance. *See*, *e.g.*, *United States v. Champney*, No. Cr 98-131-3, 2024 WL 625278, at * 6 (E.D. Pa. Feb. 13, 2024) (recognizing a defendant who received treatment for cancer in prison had not shown a condition that could not be treated in prison), *aff'd*, No. 24-1363, 2024 WL 4367934 (3d Cir. June 26, 2024), *cert. den.*, 145 S. Ct. 461 (2024). The medical records to date reflect timely and thorough treatment by the Bureau of Prisons. Within days after the polyp was discovered, Defendant was classified as a "Care Level 4'" and her transfer to a medical facility was initiated. (ECF No. 224 at 42.) The records indicate the matter was treated as urgent, and appointments were made with the oncology department at the University of Kentucky medical center. (*Id.* at 41.) Within two weeks from the original colonoscopy Defendant had a tele health appointment with a specialist in the colorectal surgery clinic to discuss her treatment plan. (*Id.* at 34.) Lab work was ordered. (*Id.*) About two weeks later she had an in-person appointment with an oncologist at the University of Kentucky cancer center. (*Id.* at 33.) When Defendant complained about headaches, a scan was done to determine if the cancer had spread. (*Id.* at 8, 15, 31.) When another scan revealed a lesion on her liver, a follow up MRI was ordered which indicated the lesion appeared to be a hemangioma, a benign tumor.[2] (*Id.* at 3.) The testing to date has not indicated metastatic

---

[2] *See* https://my.clevelandclinic.org/health/diseases/23365-hemangioma (last visited on Apr. 2, 2025.)

tumors or disease. (*Id.* at 3, 15.) Defendant's colon surgery was scheduled for February 28, 2025. (*Id.* at 5.)

Defendant asserts that if treatment such as chemotherapy is required there would be "immeasurable benefits of being surrounded by her qualified support system during treatment . . ." (ECF No. 221 at 4.) Defendant would understandably prefer being at home surrounded by family if undergoing treatment as opposed to being incarcerated for her crimes. However, this fails to establish her ability to provide self-care in prison is substantially diminished or that she is being denied specialized medical care required for her health. Nor has Defendant shown a terminal prognosis.

To the extent Defendant relies on her increased risk of susceptibility from Covid she has also failed to show an extraordinary and compelling circumstance. A risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of contracting Covid-19 is higher in prison than outside of it, and that [her] preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023)). Cancer is an illness recognized to potentially increase susceptibility to serious illness from Covid.[3] However, Defendant has been vaccinated against Covid, (ECF No. 224-2 at 1), mitigating her risk from any future infection. *See Davis*, 99 F.4th at 655-56. Moreover, Defendant has failed to show she is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D). The

---

[3] *See* https://www.cdc.gov/covid//hcp/clinical-care/underlying-conditions.html (last visited Apr. 2, 2025).

general Covid-19 Public Health Emergency Declaration ended on May 11, 2023,[4] and Defendant is incarcerated at FMC Lexington which currently does not have any cases of Covid.[5]

Lastly, insofar as Defendant relies on the need to care for her minor son to support a showing of extraordinary and compelling circumstances, she likewise fails. The Sentencing Commission policy statement recognizes the care of a child may be an extraordinary and compelling circumstance in the case of "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . ." U.S.S.G. § 1B1.1(b)(3)(A). Defendant fails to demonstrate, or even allege, that circumstances have changed with her son's caregiver since the time of sentencing. Moreover, while she suggests if released, she could spend "whatever precious time she may have with her son," (ECF No. 221 at 4), as discussed, there has been no confirmation of a terminal illness.

**B.      18 U.S.C. § 3553(a) Factors**

As Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction of sentence. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence to be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. §

---

[4] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

[5]  https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp  (last visited Apr. 1, 2025.)

3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of her offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may also consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

Defendant's instant offense was serious. She was a part of a drug trafficking ring responsible for bringing drugs into the United States from Mexico. She personally interacted with the supplier, paid for drugs, and used her home to store drugs and weapons. Defendant has a lengthy criminal history. (ECF No. 162, ¶¶ 51-61) This is her third federal drug conviction, and she committed some of her crimes while on supervision for prior offenses. (*Id.*, ¶¶ 58-62.) The Court acknowledges the seriousness of her health issues and has compassion for her situation, but as discussed above her prognosis is indeterminate. At this time, Defendant has served less than 37 months of her 168-month sentence which was already at the low end of her sentencing guideline range. The Court determines any lesser sentence would not deter crime, protect the public, reflect the seriousness of the crime, or reflect the need for just punishment. *See* 18 U.S.C. § 3553 (a)(2).

Accordingly, for the reasons stated herein, the Court enters the following:

# ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Modify Sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), (ECF No. 221), is **DENIED**.

This, the 9th day of May 2025.

/s/ Loretta C. Biggs<br>
Senior United States District Judge